# IN THE SUPREME COURT OF IOWA

No. 13–1808

Filed December 19, 2014

**DENISON MUNICIPAL UTILITIES,**

Appellee,

vs.

**IOWA WORKERS' COMPENSATION COMMISSIONER,**

Appellant.

Appeal from the Iowa District Court for Polk County, Lawrence McLellan, Judge.

The Iowa Workers' Compensation Commissioner appeals from the order of the district court on judicial review, which we treat as a petition for a writ of certiorari, that reversed a $1000 assessment against Denison Municipal Utilities for its failure to file a first report of injury. **WRIT ANNULLED.**

Thomas J. Miller, Attorney General, and Julie A. Burger, Assistant Attorney General, Des Moines, for appellant.

David Brian Scieszinski, of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

**ZAGER, Justice**.

In this case, we are presented with an appeal by the workers' compensation commissioner (commissioner) from a district court order on judicial review holding the commissioner lacked the authority under Iowa Code section 86.12 (2013) to require the employer, Denison Municipal Utilities (DMU), to file a first report of injury. The district court accordingly reversed the commissioner's $1000 assessment against DMU for its failure to file this first report of injury. Because DMU challenged the authority and legality of the commissioner's actions in district court, the district court should have treated DMU's appeal as a writ of certiorari. Consequently, we consider the district court's order not as one on judicial review, but rather as an order sustaining DMU's writ of certiorari.

Ultimately, we conclude that Iowa Code section 86.11 does not provide the sole basis for the commissioner to require an employer to file a first report of injury and that DMU was required to file a first report of injury in this case. Further, we conclude that the deputy commissioner's decision that DMU failed to make a sufficient showing of good cause to avoid the $1000 assessment pursuant to Iowa Code section 86.12 was supported by substantial evidence. Therefore, the $1000 assessment against DMU was proper, and the district court erred in sustaining DMU's writ of certiorari. Writ annulled.

## I. Background Facts and Proceedings.

On January 29, 2013, Kevin Fink filed an "Original Notice and Petition" for alternate medical care with the commissioner. The petition requested alternate medical treatment for knee injuries allegedly sustained during the course of Fink's employment with DMU and alleged an injury date of July 13, 2012. That same day, the commissioner sent

DMU a notice demanding that DMU either advise the agency of proof of filing a first report of injury for each alleged injury or immediately file such a report. The notice provided that pursuant to Iowa Code section 86.12, DMU was required to file a first report of injury. It also advised DMU that if it failed to file this report within thirty days, it would be subject to a notice of hearing and a possible assessment of $1000.

Both DMU and its insurance provider, Employers Mutual Casualty Company (EMC), were served with the original notice and petition by certified mail on January 30.

DMU did not file a first report of injury within the thirty-day period. Accordingly, on March 22 the commissioner sent DMU a notice of hearing and proposed assessment notifying it that a hearing was scheduled for April 9. At the time of hearing, DMU would be required to show cause why it had not filed the report and why a proposed $1000 should not be assessed against it for its failure to file the first report of injury as demanded.

The hearing was held as scheduled on April 9 before a deputy commissioner. The only witness to testify on behalf of DMU was the adjuster for EMC. Through the adjuster, DMU first argued that it was not required to file the first report of injury under Iowa Code section 86.11 because Fink had not missed any time from work and Fink was not suffering from a permanent disability or impairment. Therefore, the commissioner had no authority to demand that it file the first report of injury. DMU next argued that Iowa Code section 86.12 only authorizes assessments of $1000 when the first report of injury is specifically required by Iowa Code section 86.11. Since the requirements for filing the report under Iowa Code section 86.11 had not been met, the commissioner lacked the authority to assess $1000 against DMU.

An employee from the division of workers' compensation also testified at the hearing. In response to the deputy commissioner's question why the demand letter had been sent, she testified:

> It was sent due to the fact that there was a petition filed by Mr. Fink on an alternate medical care. And when a petition is filed with our agency, if we don't have a corresponding First Report, we require one to be filed.

No first report of injury had been filed as of the time of the hearing. The employee also testified that she was not aware of Mr. Fink's injury, whether he had missed any time from work, or whether he had any permanent disability or permanent impairment. No other evidence was offered on the issue.

On April 26, the deputy commissioner issued her decision.[1] In the decision, the deputy commissioner rejected the argument advanced by DMU that the agency lacked the authority to demand a first report of injury because it was not required under Iowa Code section 86.11. The deputy commissioner specifically noted that Iowa Code section 86.12 authorizes the commissioner to require, by written demand, the employer supply the information required by Iowa Code section 86.10 or file a report required by Iowa Code section 86.11, Iowa Code section 86.13, or by agency rule. Thus, the deputy commissioner concluded the requirements for filing a first report of injury pursuant to Iowa Code section 86.11 did not provide the sole basis for the commissioner to require an employer to file a first report of injury. The deputy commissioner found DMU received the notice demanding it file a first report of injury and failed to file the report as demanded. The deputy

---

[1]On February 5, DMU answered Fink's petition for alternate medical care, disputing liability on the claim. As a direct result of the DMU's denial of liability, a deputy workers' compensation commissioner dismissed Fink's petition.

commissioner further concluded that DMU provided no excuse why it had not filed the first report of injury and therefore failed to make a sufficient showing of good cause. Consequently, a $1000 assessment was authorized.

DMU filed a petition for judicial review under chapter 17A, naming both Fink and the commissioner as opposing parties. In its petition, it reasserted its argument that the commissioner did not have the authority to assess $1000 against it because a first report of injury was not required by Iowa Code section 86.11. In addition, it argued the $1000 assessment violated its due process rights because it had no meaningful avenue for appeal given that Iowa Code section 86.29 expressly precluded it from naming the commissioner as an opposing party in actions for judicial review, notwithstanding the fact that the commissioner is the only party interested in assuring that such assessments are upheld. *See* Iowa Code § 86.29 (2013) ("[I]n a petition for judicial review of a decision of the workers' compensation commissioner in a contested case under this chapter . . . the opposing party shall be named the respondent, and the agency shall not be named as a respondent.").

On November 5, the district court entered its order on judicial review.[2] On the merits, the district court concluded that the deputy commissioner incorrectly interpreted Iowa Code section 86.12 as authorizing the commissioner to demand DMU file a first report of injury. It further concluded the written demand for the filing of the first report of

---

[2]In its order, the court rejected DMU's argument that its due process rights had been violated. It concluded that by naming Fink as an opposing party as required by Iowa Code section 86.29, DMU had complied with the statute so as to confer jurisdiction on the court. This allowed it to reach the merits and thereby provided DMU with a meaningful avenue for appeal, obviating due process concerns.

injury, alone, was insufficient to trigger the $1000 assessment under Iowa Code section 86.12. In its review of the statutory language of Iowa Code sections 86.11 and 86.12, the district court concluded that under the clear language of the statute, there must first be a required report. It further concluded that the first report of injury was not required by Iowa Code section 86.11 since there was no evidence that Fink had been incapacitated for more than three days or that he had suffered any permanent total or permanent partial disability. Therefore, the deputy commissioner's interpretation of the statute was incorrect, and the record lacked substantial evidence to support the $1000 assessment against DMU. The district court reversed the deputy commissioner's $1000 assessment against DMU.

The commissioner appealed the order of the district court, and we retained the appeal.

**II. Jurisdiction to Hear the Appeal.**

In the proceedings below, DMU challenged whether the courts have jurisdiction to hear appeals from assessments made by the commissioner pursuant to Iowa Code section 86.12. Iowa Code section 86.29 prohibits parties from naming the commissioner as an opposing party in actions for judicial review, even though the commissioner is the only party interested in assuring that such assessments are upheld. *See id.* The district court resolved this issue by concluding the decision by DMU to name Fink in addition to the commissioner as an opposing party in its petition complied with the statute so as to confer jurisdiction on it. While we recognize that the question of whether Iowa Code section 86.29 confers jurisdiction on the courts to hear appeals in such matters implicates issues concerning our own jurisdiction over this appeal, we need not resolve that issue today. Rather, because DMU challenged the

authority and legality of the commissioner's actions in district court, the district court should have treated DMU's appeal as a writ of certiorari. Iowa R. Civ. P. 1.1401 ("A party may commence a certiorari action . . . when the party claims an inferior tribunal, board, or officer, exercising judicial functions . . . exceeded proper jurisdiction or otherwise acted illegally."); *see Petersen v. Harrison Cnty. Bd. of Supervisors*, 580 N.W.2d 790, 793 (Iowa 1998) ("A county board of supervisors exercising a governmental function is an 'inferior tribunal' within the meaning of rule [1.1401]."); *Norland v. Worth Cnty. Comp. Bd.*, 323 N.W.2d 251, 253 (Iowa 1982) ("An illegality is established if a board has not acted in accordance with a statute, if its decision was not supported by substantial evidence, or if its actions were unreasonable, arbitrary, or capricious." (Citations omitted.)). Consequently, we will consider the district court's order not as one on judicial review, but rather as an order sustaining DMU's writ of certiorari pursuant to Iowa Rule of Civil Procedure 1.1401. *See* Iowa R. App. P. 6.108 ("If any case is initiated by a notice of appeal, an application for interlocutory appeal, an application for discretionary review, or a petition for writ of certiorari and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested.").

### III.  Standard of Review.

Certiorari is an action at law "where an inferior tribunal . . . is alleged to have exceeded proper jurisdiction or otherwise acted illegally." *State Pub. Defender v. Iowa Dist. Ct.*, 728 N.W.2d 817, 819 (Iowa 2007) (internal quotation marks omitted). "Appeal to this court from a certiorari judgment of a district court is treated as an ordinary action." *Norland*, 323 N.W.2d at 252; *see also* Iowa R. Civ. P. 1.1412. Thus, our

review is for errors at law. *Fisher v. Chickasaw County*, 553 N.W.2d 331, 333 (Iowa 1996). When an inferior tribunal's findings of fact are not supported by substantial evidence, or when it has not applied the law properly, an illegality exists. *Amro v. Iowa Dist. Ct.*, 429 N.W.2d 135, 138 (Iowa 1988).

### IV. Analysis.

This case presents two issues which require our analysis. First, whether the deputy commissioner properly concluded the commissioner has the authority to demand a first report of injury in circumstances beyond those expressly established by Iowa Code section 86.11. Second, whether the deputy commissioner's decision that DMU failed to make a sufficient showing of good cause to avoid the assessment of $1000 pursuant to Iowa Code section 86.12 was supported by substantial evidence. We address each of these issues in turn.

Before proceeding, however, we set forth several well-settled principles of statutory interpretation that arise here. First, the principal purpose of the workers' compensation statute is to benefit the worker. *Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 750 (Iowa 2002); *IBP, Inc. v. Harker*, 633 N.W.2d 322, 325 (Iowa 2001). To that end, we liberally construe the workers' compensation statute in favor of the worker. *Grundmeyer*, 649 N.W.2d at 750; *IBP*, 633 N.W.2d at 325. In interpreting statutes, our task is only to determine the intent of the legislature. *Andover Volunteer Fire Dep't v. Grinnell Mut. Reins. Co.*, 787 N.W.2d 75, 81 (Iowa 2010). When statutory language is plain and its meaning clear, "we do not search for legislative intent beyond the express terms of the statute." *State Pub. Defender v. Iowa Dist. Ct.*, 663 N.W.2d 413, 415 (Iowa 2003) (internal quotation marks omitted). "We generally presume words contained in a statute are used in their ordinary and

usual sense with the meaning commonly attributed to them." *Gregory v. Second Injury Fund*, 777 N.W.2d 395, 399 (Iowa 2010).

**A. Workers' Compensation Commissioner's Authority to Demand DMU File a First Report of Injury.** We begin our analysis by examining the statutory provisions in dispute. In relevant part, Iowa Code section 86.12 provides:

> The workers' compensation commissioner may require any employer to supply the information required by section 86.10 or to file a report required by section 86.11 or 86.13 or by agency rule, by written demand sent to the employer's last known address. Upon failure to supply such information or file such report within thirty days, the employer may be ordered to appear and show cause why the employer should not be subject to assessment of one thousand dollars for each occurrence. Upon such hearing, the workers' compensation commissioner shall enter a finding of fact and may enter an order requiring such assessment to be paid . . . .

By its plain language, Iowa Code section 86.12 empowers the commissioner to ensure that required information and reports are supplied to and filed with the agency. *Id.*; *see DeShaw v. Energy Mfg. Co.*, 192 N.W.2d 777, 783 (Iowa 1971) (Becker, J., dissenting) ("It is the mandatory duty of the employer to supply such information. It is the duty of the . . . [c]ommissioner to see that this is done.") Iowa Code section 86.12 also provides the commissioner with an enforcement mechanism to compel compliance. As set forth in Iowa Code section 86.12, this starts with a written demand to the employer that it provide the agency with required information or reports.

The first question then becomes, when are information and reports *required*? Iowa Code section 86.12 answers this question. As it relates to required reports, Iowa Code section 86.12 delineates three bases by

which reports may be required, namely: (1) Iowa Code section 86.11, (2) Iowa Code section 86.13, and (3) agency rule. Iowa Code § 86.12.

Specifically relating to first reports of injury, Iowa Code section 86.11 mandates that employers file a first report of injury with the commissioner in two circumstances. In relevant part, Iowa Code section 86.11 provides:

> If the injury results only in temporary disability, causing incapacity for a longer period than three days, then . . . the employer or insurance carrier . . . shall file a report with the workers' compensation commissioner in the form and manner required by the commissioner. If such injury to the employee results in permanent total disability, permanent partial disability, or death, then the employer or insurance carrier . . . shall file a report with the workers' compensation commissioner . . . .

From this language, the district court concluded that DMU was not required by Iowa Code section 86.11 to file the first report of injury because there was no evidence that Fink had been incapacitated for more than three days or that he had suffered any permanent total or permanent partial disability. The district court concluded that Iowa Code section 86.11 provided the sole basis for the commissioner to require that an employer file a first report of injury. Therefore no written demand could be made by the commissioner to file this report. Without DMU being required to file the first report of injury, there was no ability to proceed with the enforcement procedures set forth in Iowa Code section 86.12. For the reasons set forth below, we think the district court interpreted Iowa Code section 86.12 too narrowly.

The plain language of Iowa Code section 86.12 grants the commissioner the authority to require that reports be filed in addition to those already required by Iowa Code sections 86.11 and 86.13. *Id.* § 86.12 ("The workers' compensation commissioner may require any

employer to . . . file a report required by section 86.11 or 86.13 or by agency rule . . . .").  The disjunctive language, "or," in conjunction with the language "by agency rule," of Iowa Code section 86.12, clearly grants the commissioner the authority to promulgate rules mandating reports be filed in circumstances beyond those already required by Iowa Code sections 86.11 and 86.13.  *See id.*; *Anderson v. State*, 801 N.W.2d 1, 5–6 (Iowa 2011) (noting that use of the disjunctive "or" necessitated conclusion that statute set forth a list of alternatives).  Further, while Iowa Code section 86.11 mandates two circumstances in which a first report of injury must be filed with the commissioner, nothing in the language of section 86.11 either expressly or impliedly limits the commissioner's authority to promulgate rules establishing additional circumstances in which a first report of injury must be filed.  This is an express grant of authority under Iowa Code section 86.12.  As such, the plain language of Iowa Code section 86.12 grants the commissioner the authority to establish, by agency rule, additional circumstances when employers may be required to file a first report of injury.

This is precisely what the commissioner has done here.  In relevant part, rule 876—3.1(1) provides:

> The first report of injury is to be filed when demanded by the commissioner pursuant to Iowa Code section 86.12 and when an employer is served with an original notice and petition that alleges an injury for which a first report has not been filed.

Iowa Admin. Code r. 876—3.1(1); *see also id.* r. 876—11.7 ("A reporter shall file reports as required by . . . subrule[] 3.1(1) . . . .").  This rule plainly requires that a first report of injury be filed: (1) when demanded by the commissioner pursuant to the procedure set forth in Iowa Code section 86.12 and (2) when the employer has been served with an

original notice and petition alleging an employee injury and a first report of injury has not yet been filed.

Pursuant to this rule, DMU was required to file a first report of injury. First, it is undisputed that on January 29, an original notice and petition was filed with the commissioner. *See* Iowa Admin. Code r. 876—4.1(14) ("Contested case proceedings before the workers' compensation commissioner [include a]pplication for alternate medical care . . . ."); *id.* r. 876—4.6 (establishing that "*original notice . . .* Form 100C is to be used for the contested case proceeding provided for in subrule 4.1(14)" (emphasis added)); *id.* r. 876—4.7 ("Delivery of the original notice shall be made by the petitioning party as provided in Iowa Code section 17A.12(1) . . . ."). This original notice and petition also advised the commissioner of an alleged injury date of July 13, 2012. Upon receipt, the commissioner sent DMU a written demand, demanding it file a first report of injury concerning Fink's alleged injury. Second, it is undisputed that both DMU and its insurance provider, EMC, were served with an original notice and petition by certified mail. *See* Iowa Code § 17A.12(1) ("In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice in writing delivered . . . by *certified mail* return receipt requested." (Emphasis added.)). Third, it is undisputed that when the commissioner received the original notice and petition, there was no first report of injury on file with the agency regarding the alleged injury. Pursuant to rule 876—3.1(1), DMU was required to file a first report of injury.

Further, there is no reason to conclude Iowa Code section 86.11 implicitly narrows the commissioner's authority to promulgate rules requiring that an employer file a first report of injury. Rather, the workers' compensation statute, read as a whole, supports the view that

the commissioner has the authority to promulgate rules requiring that an employer file a first report of injury in circumstances beyond those already required by Iowa Code section 86.11.

First, in keeping with the principle that we interpret the workers' compensation statute liberally in favor of the worker—and in this case in particular—it makes obvious, practical sense for the commissioner to require that an employer file a first report of injury after an employee has filed a claim with the commissioner. Pursuant to Iowa Code section 85.23, an employee's compensation claim is barred unless "within ninety days from the date of the occurrence of the injury," the employer has "actual knowledge of the occurrence of an injury," or the "employee . . . give[s] notice thereof to the employer." Iowa Code § 85.23. One way employees can protect themselves is to notify their employer of a work-related injury and to have the employer prepare a first report of injury or similar report. After an employee files a claim with the commissioner, the commissioner has an interest in obtaining the first report of injury from the employer to ensure the notice requirement of Iowa Code section 85.23 has been satisfied and that the employee's claim is not statutorily barred. *See id.* § 86.11 ("The report to the workers' compensation commissioner of injury . . . shall not be admitted in evidence or used in any trial or hearing . . . *except as to the notice under section 85.23.*" (Emphasis added.)); *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007) ("Section 86.11 allows the first report of injury to be admitted in evidence or used in any trial or hearing . . . for the limited purpose of showing the employer had notice of the occurrence of an injury as required by section 85.23."). Consequently, once a claim has been filed, the commissioner needs the first report of injury regardless of whether the injury falls under the umbrella of reports already required by Iowa

Code section 86.11. Given that a first report of injury "shall be without prejudice to the employer," Iowa Code § 86.11, allowing employers to ignore the commissioner's request for a first report of injury after a claim has been filed serves only to hamper the commissioner's ability to determine whether the statutorily required notice has been accomplished and, consequently hampers the commissioner's ability to proceed in an expedited fashion with employees' potentially meritorious claims.

Second, the authority to require that employers file a first report of injury in circumstances beyond those expressly delineated in Iowa Code section 86.11 is further supported by the broad information gathering powers and reporting duties conferred on the commissioner in other sections of the Iowa Code. For example, in relevant part, Iowa Code section 86.10 provides:

> All books, records, and payrolls of the employers, showing or reflecting in any way upon the amount of wage expenditure of such employers, shall *always be open for inspection* by the workers' compensation commissioner . . . for the purpose of ascertaining the correctness of the wage expenditure, the number of persons employed, *and such other information as may be necessary for the uses and purposes of the commissioner in the administration of the law.*

(Emphasis added.) This broad grant of information gathering authority suggests that the legislature did not intend to tightly circumscribe the commissioner's ability to procure information.

Accordingly, we conclude that Iowa Code section 86.11 does not provide the sole basis for the commissioner to require an employer file a first report of injury. Pursuant to Iowa Code section 86.12, the commissioner has the authority to promulgate agency rules mandating employers file first reports of injury in circumstances beyond those already required by Iowa Code section 86.11. Here, pursuant to rule 876—3.1(1), once Fink had filed his original notice and petition for

alternative medical care with the commissioner, served DMU and EMC, and the commissioner demanded by written notice that DMU file a first report of injury, DMU was required to file the report. Consequently, the commissioner had the authority to demand this first report of injury, and the deputy commissioner properly applied the law in reaching this conclusion.

**B. Whether DMU Made a Sufficient Showing of Good Cause to Avoid the $1000 Assessment Pursuant to Iowa Code Section 86.12.** Having concluded the commissioner had the authority to demand that DMU file the first report of injury, we must next decide whether the deputy commissioner's decision that DMU failed to make a sufficient showing of good cause to avoid the $1000 assessment was supported by substantial evidence.

We again turn to Iowa Code section 86.12, which, in relevant part, provides:

> The workers' compensation commissioner may require any employer to supply the information required by section 86.10 or to file a report required by section 86.11 or 86.13 or by agency rule, by written demand sent to the employer's last known address. Upon failure to supply such information or file such report within thirty days, the employer may be ordered to appear and show cause why the employer should not be subject to assessment of one thousand dollars for each occurrence. Upon such hearing, the workers' compensation commissioner shall enter a finding of fact and may enter an order requiring such assessment to be paid . . . .

As it relates to reports specifically, in order for the commissioner to assess $1000 against an employer pursuant to Iowa Code section 86.12, several prerequisites must be met: (1) the commissioner must send a written demand to the employer's last known address demanding the desired report be filed; (2) the report must be *required* by Iowa Code section 86.11, Iowa Code section 86.13, or agency rule; (3) the employer

must then fail to supply the commissioner with the demanded report within thirty days; (4) the employer must then be notified that there will be a hearing at which time it will have the opportunity to show good cause why it failed to file the required, demanded report; (5) there must be a hearing; (6) after the hearing, the commissioner must enter a finding of fact whether or not the employer made a sufficient showing of good cause to excuse its failure to file the required, demanded report; and (7) if a sufficient showing of good cause has not been made, the commissioner may then assess $1000 against the employer. *See id.*

Applying the facts of this case to the requirements set forth in Iowa Code section 86.12, we find that the commissioner followed the proper procedures and that DMU failed to make a sufficient showing of good cause for its failure to file the required, demanded first report of injury. Consequently, the deputy commissioner's assessment of $1000 against DMU was supported by substantial evidence.

First, the commissioner sent DMU a written notice demanding that DMU either advise the agency of proof of filing a first report of injury for Fink's alleged injury or immediately file such a report. Second, as previously discussed, the report was *required* under rule 876—3(1). Third, DMU failed to file the required, demanded first report of injury within the statutorily proscribed thirty-day period. Fourth, the commissioner sent DMU a notice of hearing and proposed assessment notifying DMU that a hearing would be held on April 9, at which time DMU could appear and would be required to show good cause why it had failed to file the required, demanded first report of injury. Fifth, DMU participated at the scheduled hearing and was allowed to present evidence and testimony therein to show good cause why it failed to file the required, demanded first report of injury. DMU forwarded no good cause or excuse for its failure to file the first report of injury, except that

it did not believe the report was required. As we have concluded, and as concluded by the deputy commissioner, the mere belief that a first report of injury was not required by Iowa Code section 86.11 is not a sufficient excuse so as to constitute "good cause" for failing to file a report *required* by rule 876—3.1(1).[3] Sixth, after the hearing the deputy commissioner issued her decision in which she found that DMU had failed to show sufficient good cause. Seventh, having found that DMU failed to make a sufficient showing of good cause, the deputy commissioner assessed $1000 against DMU. Therefore, there is substantial evidence in the record to support the deputy commissioner's $1000 assessment against DMU.

### V. Conclusion.

The deputy commissioner properly applied the law in concluding Iowa Code section 86.11 does not provide the sole basis for the commissioner to require an employer to file a first report of injury pursuant to rule 876—3.1(1). In this case, DMU was required to file a first report of injury. Further, the deputy commissioner's decision that DMU failed to make a sufficient showing of good cause to avoid the $1000 assessment pursuant to Iowa Code section 86.12 was supported by substantial evidence. Consequently, the district court erred in sustaining DMU's writ of certiorari. We reverse the decision of the district court and annul the writ.

**WRIT ANNULLED.**

All justices concur except Waterman and Mansfield, JJ., who dissent.

---

[3]We need not decide today whether, upon demand by the commissioner, an employer who fails to file a first report of injury that is neither required by Iowa Code section 86.11, nor agency rule, would be properly subject to a $1000 assessment pursuant to Iowa Code section 86.12. Rather, as previously discussed, the commissioner has promulgated a rule that required DMU to file a first report of injury in this case.

**WATERMAN**, **Justice (dissenting).**

I respectfully dissent. I would affirm the district court ruling that correctly reversed the workers' compensation commissioner. The commissioner lacked authority to penalize the employer for failing to provide a first report of injury when the employee missed no work. In my view, the controlling statutory provision is Iowa Code section 86.11 (2013), which provides in relevant part:

> Every employer shall hereafter keep a record of all injuries, fatal or otherwise, alleged by an employee to have been sustained in the course of the employee's employment and resulting in incapacity for a longer period than one day. If the injury results only in temporary disability, causing incapacity for a longer period than three days, then . . . the employer . . . shall file a report with the workers' compensation commissioner in the form and manner required by the commissioner. If such injury to the employee results in permanent total disability, permanent partial disability, or death, then the employer . . . shall file a report with the workers' compensation commissioner . . . .

It is undisputed the employee missed no work for the injury at issue and, at the relevant time, did not allege a permanent total or partial disability. Thus, the employer was not required under section 86.11 even to "keep a record" of this injury, much less file a report with the commissioner. As the district court concluded,

> [t]he statutory provision is straightforward. The employer must file a report *required* by section 86.11. Only if the employer fails to file the *required* report can the commissioner assess a penalty for that failure.

The commissioner cannot amend a statute by rule. *Iowa Dep't of Revenue v. Iowa Merit Emp't Comm'n,* 243 N.W.2d 610, 615 (Iowa 1976) ("[T]he plain provisions of the statute cannot be altered by an

administrative rule or regulation . . . .").[4]   It is true the commissioner may impose additional reporting requirements by agency rule promulgated pursuant to section 86.12.[5]   But, that Code provision and the rule relied on by the commissioner and majority merely take us in circles.   The rule provides the "first report of injury is to be filed when demanded by the commissioner *pursuant to Iowa Code section 86.12.*" Iowa Admin. Code r. 876—3.1 (emphasis added).   Section 86.12 does not require such a report; rather this statute merely provides the commissioner may penalize employers who fail to supply reports required by sections 86.10, 86.11, or 86.13, or by rule.   That is, section 86.12 merely provides a procedural mechanism to enforce the reporting requirement in the other provisions, including section 86.11.   No report was required by sections 86.10 or 86.13 in this case nor, as noted, was a report required under the plain language of section 86.11, directly on point.   The majority concludes the agency rule imposes a *new* reporting requirement here.   I disagree.   Rather, the rule simply loops back to section 86.12, under which no such report is required.

---

[4]*See also Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 764 (Iowa 2009) ("Regulations are required to be consistent with the underlying broader statutory enactment."); *Dunlop Care Ctr. v. Iowa Dep't of Soc. Servs.*, 353 N.W.2d 389, 397 (Iowa 1984) ("Rules which contravene statutory provisions or exceed an agency's statutory authority are invalid."); *Sorg v Iowa Dep't of Revenue*, 269 N.W.2d 129, 131 (Iowa 1978) ("Adoption of administrative rules which are at variance with statutory provisions or which amend or nullify legislative intent exceeds the Department's authority.").

[5]Iowa Code section 86.12 provides in relevant part:

> The workers' compensation commissioner may require any employer to supply the information required by section 86.10 or to file a report required by section 86.11 or 86.13 or by agency rule, by written demand sent to the employer's last known address.   Upon failure to supply such information or file such report within thirty days, the employer may be ordered to appear and show cause why the employer should not be subject to assessment of one thousand dollars for each occurrence.

We must read the statutory provisions and administrative rule together and harmonize them if possible. The administrative rule is in conflict with the statute by requiring a report the statute does not. The statute trumps the rule. Moreover, section 86.11, as the more specific provision, controls over the more general language in section 86.12. *See* Iowa Code § 4.7. No report was due, so the commissioner erred by imposing a $1000 penalty for failing to provide it.

We owe no deference to the commissioner's interpretation of the workers' compensation statutes. *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007). The majority relies on the principle that chapter 85 is liberally construed for the benefit of the employees. But, a principle of liberal construction cannot override the plain meaning of the statute.

At one level, this is a relatively unimportant case. The employer's counsel stated at oral argument that the failure to provide the report when requested was an oversight and that the practice of the employer is to promptly comply with agency requests for such information. On another level, the principles at play in this case are quite important. When our elected legislature specifies the reporting obligations of Iowa employers, the commissioner should not increase regulatory burdens and impose fines for conduct that satisfied statutory obligations. The $1000 per-violation penalty in this case may be small change to some employers, yet significant to others. And, while the burden imposed in this case—supplying a first report of injury—is slight, the burdens imposed under other rules could be onerous.

For these reasons, I cannot join the majority opinion.

Mansfield, J., joins this dissent.