## IN THE COURT OF APPEALS OF IOWA

No. 15-1691
Filed December 21, 2016

WALMART STORES, INC. and
CITY OF DAVENPORT,
      Petitioners-Appellants,

vs.

IOWA CIVIL RIGHTS COMMISSION,
      Respondent-Appellee.

_____

      Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

      Petitioners appeal from the district court's denial of their petition for writ of certiorari. **AFFIRMED.**

      Heidi A. Guttau-Fox of Baird Holm LLP, Omaha, Nebraska, for appellant Walmart Stores Inc.

      Christopher S. Jackson, Davenport, for appellant City of Davenport.

      Thomas J. Miller, Attorney General, and Katie Fiala, Assistant Attorney General, for appellee.

      Heard by Danilson, C.J., and Doyle and McDonald, JJ. Tabor, J., takes no part.

**MCDONALD, Judge.**

Iowa Code section 17A.19 (2015) provides "the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." Despite the plain language of the statute, the City of Davenport ("Davenport") and Wal-Mart Stores, Inc. ("Wal-Mart") filed a petition for writ of certiorari in the district court seeking judicial review of an intermediate decision of the Iowa Civil Rights Commission (ICRC). The challenged decision remanded a pending case to an administrative law judge for additional proceedings. The district court dismissed the petition for writ of certiorari. Davenport and Wal-Mart now appeal.

The appellants contend the district court erred in finding chapter 17A provides the exclusive means to challenge agency action in this case. Plainly stated, "no exception exists to section 17A.19's exclusivity for a writ of certiorari." *Tindal v. Norman*, 427 N.W.2d 871, 873 (Iowa 1988); *see also Iowa Indus. Comm'r v. Davis*, 286 N.W.2d 658, 661 (Iowa 1979); *Salsbury Labs. v. Iowa Dep't of Envtl. Quality*, 276 N.W.2d 830, 835 (Iowa 1979). Cases suggesting the contrary concern themselves with collateral questions and are thus distinguishable. *See, e.g.*, *Denison Mun. Utils. v. Iowa Workers' Comp. Comm'r*, 857 N.W.2d 230, 233–34 (Iowa 2014) (considering challenge to agency procedure); *Maghee v. State*, 773 N.W.2d 228, 238–39 (Iowa 2009) (considering whether chapter 17A applied to postconviction-relief action); *Jew v. Univ. of Iowa*, 398 N.W.2d 861, 864–65 (Iowa 1987) (considering whether chapter 17A applied to civil-rights action). This case squarely presents substantive matters decidedly

within the purview of the ICRC. *Cf. Jew*, 398 N.W.2d at 865 ("In both [*Kerr v. Iowa Public Service Co.*, 274 N.W.2d 283 (Iowa 1979)] and [*Dougherty v. State*, 323 N.W.2d 249 (Iowa 1982)], the action challenged was the very decision which the agency's mandate directed it to make. In the present case, the action challenged (sexual harassment) has little connection with the mandate of the University or the Regents."). Davenport and Wal-Mart have given us "no basis on which to conclude the 'exclusive means' language in section 17A.19 is mitigated by an exception for . . . certiorari." *Salsbury Labs.*, 276 N.W.2d at 835. The question was jurisdictional and properly resolved by motion to dismiss.

Although we find a petition for writ of certiorari is improper here, we may treat this case as a proper chapter 17A appeal if the situation merits. *See id.* (looking "beyond the labels of Salsbury's petition" to "effectuate justice"); *Denison Mun. Utils.*, 857 N.W.2d at 234 (stating lower court "should have treated DMU's appeal as a writ of certiorari"). A party seeking judicial review of non-final agency action, as here, must show that (1) adequate administrative remedies have been exhausted and (2) review of the final agency action would not provide an adequate remedy. Because "both requirements must be satisfied before intermediate judicial review is permitted, the failure to meet one requirement disposes of the issue." *Richards v. Iowa State Commerce Comm'n*, 270 N.W.2d 616, 620 (Iowa 1978). Clearly, administrative remedies have not been exhausted here: the ICRC remanded the case for further proceedings before Davenport and Wal-Mart appealed. Second, review of the final agency action would provide an adequate remedy. It would allow for review of the decision on the merits. This case, no matter how it is labeled, cannot proceed.

Additionally, Davenport challenges the process afforded it in two ways. First, the city argues it was denied procedural due process because the agency decision was arbitrary and capricious. This argument was not raised below. We do not decide issues presented to us on appeal that a party did not present to the district court. *See City of Postville v. Upper Explorerland Reg'l Planning Comm'n*, 834 N.W.2d 1, 8 (Iowa 2013). We decline to consider this claim.

Second, Davenport contends the scheme whereby an agency may appeal an adverse proposed decision to itself is unfair. This would appear to be a constitutional claim based on due process, so our review is de novo. *See State v. Shanahan*, 712 N.W.2d 121, 131 (Iowa 2006). We disagree with Davenport. The challenged procedure is provided for by statute. *See* Iowa Code § 17A.15(3) ("When the presiding officer makes a proposed decision, that decision then becomes the final decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within the time provided by rule."). The ICRC has adopted the process through administrative rulemaking. *See* Iowa Admin. Code r. 161-4.22 ("After a review of the transcript, the evidence, and the briefs, the presiding officer shall set forth . . . a proposed decision and order. The proposed decision becomes the final decision of the commission without further proceedings unless there is an appeal to, or review on motion of, the [ICRC] within the time provided in rule 4.23."), 4.23 ("Any adversely affected party may appeal a proposed decision to the commission within thirty days after issuance of the proposed decision."). Our supreme court has implicitly approved the scheme. *See, e.g.*, *Chauffeurs, Teamsters & Helpers, Local Union No. 238 v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375, 377

(Iowa 1986) (noting party appealed hearing officer's decision to ICRC). We decline to discard this well-established procedure on this record.

**AFFIRMED.**