# IN THE COURT OF APPEALS OF IOWA

No. 15-0297
Filed February 24, 2016


**GORDON SEVIG TRUCKING**
**COMPANY and DISCOVER**
**RE INSURANCE COMPANY,**
　　　Petitioners-Appellants,

**vs.**

**ALY A. RADWAN,**
　　　Respondent-Appellee.

_____

　　　Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.


　　　An employer appeals the district court's decision affirming the workers'

compensation commissioner's award of benefits to an employee. **AFFIRMED.**


　　　Sasha L. Monthei of Scheldrup Blades, P.C., Cedar Rapids, for

appellants.

　　　Harry A. Hoch III, Laura L. Pattermann, and T.J. Pattermann of Gallner &

Pattermann, P.C., Council Bluffs, for appellee.


　　　Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

An employer[1] appeals the district court's decision affirming the workers' compensation commissioner's award of benefits to an employee, Aly Radwan. We find there is substantial evidence in the record to support the commissioner's findings Radwan sustained a work-related injury on November 11, 2009, the work injury exacerbated Radwan's pre-existing spinal condition and injured his right shoulder, and Radwan's mental condition was causally related to his work injury. Also, the commissioner's determination Radwan had a forty percent industrial disability is not irrational, illogical, or wholly unjustifiable. We affirm the ruling of the district court, affirming the decision of the workers' compensation commissioner.

### I.      Background Facts & Proceedings

Radwan is a native of Egypt and became a United States citizen in 2010. He has some college education but has not received a degree. His employment history includes managing a truck stop, owning a restaurant, and working as a machine operator. Radwan obtained a commercial driver's license in 2004 and began working as a truck driver.

Radwan complained of low back pain in 2006. An MRI revealed L4-L5 right paracentral disc protrusion and "L5-S1 broad-based left paracentral protrusion that abuts and displaces the left S1 nerve root." An MRI in 2007 showed a large right paracentral disc extrusion at L4-L5 and a broad-based left

---

[1]   We will use the term "employer" to refer to both Gordon Sevig Trucking Company and its insurer, Discover Re Insurance Company.

paracentral disc protrusion and annular tear at L5-S1. In the summer of 2007 Radwan had back surgery at L4-L5 in Egypt.

On October 24, 2007, after returning to the United States, Radwan applied for a truck driving position with Gordon Sevig Trucking Company. He did not inform the company of his spinal condition, nor is there any evidence to show Radwan had any problems with his lumbar spine for the next two years.

Radwan testified before the deputy commissioner that he climbed onto the catwalk of his truck to repair a plug on November 11, 2009, during wet and rainy conditions. He stated he slipped and fell about four feet, landing on his lower back in gravel. He stated another truck driver passed by while he was lying on the ground and Radwan asked the man to call 911. Radwan was transported by ambulance and spent three days in the hospital.

An MRI showed a left herniated disc at L5-S1, postsurgical changes at L4-L5, and mild spondylosis at L4-L5, L5-S1. Radwan did not tell his treating physicians of the previous problems at L5-S1. He had surgery at the left L5-S1 level on February 24, 2010, and surgery on his right shoulder on October 6, 2010. Radwan continued to experience pain and was also diagnosed with depression.

On April 19, 2011, Radwan filed a claim for workers' compensation benefits. After an administrative hearing, a deputy commissioner concluded Radwan sustained a work-related injury on November 11, 2009, which arose out of and in the course of his employment. Also, the work injury exacerbated his pre-existing spinal conditions. The deputy found Radwan had a psychological

component to his injury, but it was temporary in nature. The employer was ordered to provide reasonable and necessary psychiatric and psychological treatment. After considering all of the factors impacting industrial disability, the deputy determined Radwan had a forty percent industrial disability.

The employer appealed the deputy's decision. The workers' compensation commissioner affirmed the deputy, stating:

> The arbitration decision and its legal findings are based upon a detailed and comprehensive review of the evidence by the presiding deputy commissioner. The deputy provided a credibility finding which was sufficiently addressed within the arbitration decision and need not be disturbed on appeal. The preponderance of the evidence is supportive of the findings within the well-reasoned decision of the deputy commissioner on all issues in this difficult, contested case.

The employer filed a petition for judicial review. The district court affirmed the commissioner, finding there was substantial evidence in the record that (1) Radwan sustained a work-related injury on November 11, 2009; (2) the work injury exacerbated Radwan's pre-existing spinal condition and injured his right shoulder; (3) Radwan's mental condition was causally related to his work injury; and (4) Radwan had a forty percent industrial disability. The employer now appeals the decision of the district court.

## II.    Standard of Review

Our review in this administrative action is governed by Iowa Code chapter 17A (2011). We apply the standards of section 17A.19(10) to the commissioner's decision and decide whether the district court correctly applied the law in its judicial review. *Des Moines Area Reg'l Transit Auth. v. Young*, 867

N.W.2d 839, 842 (Iowa 2015). "If we reach the same conclusions as the district court, 'we affirm; otherwise, we reverse.'" *Id.* (citation omitted).

We will reverse the commissioner's factual findings only if they are not supported by substantial evidence when the record is viewed as a whole. *Coffey v. Mid Seven Transp. Co.*, 831 N.W.2d 81, 89 (Iowa 2013). "Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion." *2800 Corp. v. Fernandez*, 528 N.W.2d 124, 126 (Iowa 1995). "Substantial evidence is more than a scintilla, but does not rise to the level of a preponderance of the evidence." *Etchen v. Holiday Rambler Corp.*, 574 N.W.2d 355, 359 (Iowa Ct. App. 1997).

"We do not consider the evidence insubstantial merely because we may draw different conclusions from the record." *Coffey*, 831 N.W.2d at 89. "On appeal, our task is not to determine whether the evidence supports a different finding; rather, our task 'is to determine whether substantial evidence . . . supports the findings actually made.'" *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014) (citation omitted).

### III. Merits

**A.** The employer claims there is not substantial evidence in the record to support the commissioner's finding Radwan suffered a work-related injury on November 11, 2009. It claims there was no independent evidence to support his claim as to how the accident occurred. The employer states Radwan was untruthful about his pre-existing injuries at L5-S1, and claims the commissioner should not have found Radwan's testimony about the accident credible. At one

point, Radwan's ex-wife stated Radwan had faked an accident, but later reported she made the statement out of anger.

"It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue." *Arndt v. City of LeClair*, 728 N.W.2d 389, 394–95 (Iowa 2007). "The reviewing court only determines whether substantial evidence supports a finding '*according to those witnesses whom the [commissioner] believed.*'" *Id.* at 395 (alteration in original) (citation omitted).

The deputy did not find Radwan's ex-wife to be "especially persuasive," finding she was extremely argumentative and hostile towards counsel for the employer. The deputy found:

> Defendants argue claimant staged his work injury. It is true there were no witnesses to the fall from the truck catwalk. Claimant described the weather conditions as wet and slippery. Even though there were no witnesses to the actual fall, another truck driver did find claimant on the ground and did assist claimant in dialing for emergency assistance. Claimant was then taken by ambulance to the Lehigh Valley Health Network. Claimant remained in the hospital for three days before he was released. It is the conclusion of this deputy; claimant sustained a work-related injury that arose out of and in the course of his employment.

The commissioner noted Radwan's credibility was an inviting target in the case, but concluded the deputy had "provided a credibility finding which was sufficiently addressed within the arbitration decision and need not be disturbed on appeal." Radwan's testimony, the fact he was taken by ambulance from the work site, and his three-day hospital stay provides substantial evidence to show he sustained a work-related injury on November 11, 2009, arising out of and in the course of his employment.

**B.** The employer claims there is not substantial evidence in the record to support the commissioner's finding Radwan's low back condition was causally related to the work injury of November 11, 2009. It claims the commissioner improperly relied upon the opinions of Dr. George Hurt, Dr. Morris McCrary, Dr. Akhtar Purvez, and Dr. Michael McGuire, because these physicians had no knowledge of Radwan's pre-existing L5-S1 injury. The employer states the physicians who were aware of his previous condition, Dr. John Jane and Dr. Charles Mooney, were unable to determine whether the incident of November 11, 2009, aggravated Radwan's condition.

On this issue the deputy stated:

> This deputy did not find claimant to be candid when he described the condition of his spine prior to the date of his work injury with this defendant-employer. Despite claimant's lack of candor, this deputy finds claimant's work injury on November 11, 2009 exacerbated claimant's pre-existing spinal conditions. Furthermore, claimant also injured his right shoulder when he fell from the catwalk of his truck. There is ample medical proof to support the requisite medical causation.

The deputy's decision was adopted and affirmed by the commissioner.

The issue of medical causation is essentially within the domain of expert testimony. *Dunlavey v. Econ. Fire & Cas. Co.*, 526 N.W.2d 845, 853 (Iowa 1995). The commissioner, as the finder of fact, determines the weight to be given expert testimony. *Id.* "When an expert's opinion is based upon an incomplete history, the opinion is not necessarily binding upon the commissioner." *Id.* "Ultimately, however, the determination of whether to accept or reject an expert opinion is within the 'peculiar province' of the commissioner." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011).

"Medical causation presents a question of fact that is vested in the discretion of the workers' compensation commission." *Id.* at 844. "We will therefore only disturb the commissioner's finding of medical causation if it is not supported by substantial evidence." *Id.* at 845.

The district court found the commissioner's finding of medical causation was supported by substantial evidence, noting there was no evidence in the record to dispute Radwan's testimony he was symptom-free for over two years following his back surgery in 2007 and he passed his pre-employment physical when he began working for Gordon Sevig Trucking Company. Dr. Jane, who was aware of Radwan's pre-existing condition, stated it "may well be the case" his work injury exacerbated a pre-existing condition. Dr. Mooney, who was also aware of Radwan's pre-existing condition, gave the opinion the work injury could have been a material aggravator of the pre-existing condition at L5-S1. The district court noted, "No doctor in the record opined that the Respondent's L5-S1 condition was not causally related to his work injury."

The commissioner appropriately weighed the expert testimony on the issue of medical causation and found Radwan's low back condition was causally related to the work injury of November 11, 2009. We conclude there is substantial evidence in the record to support the commissioner's findings.

**C.** The employer claims there is not substantial evidence in the record to support the commissioner's finding Radwan's mental condition was causally related to his work injury. It states the diagnosis of depression relies exclusively on Radwan's subjective reports and he was not a credible witness. The

employer also claims Dr. Purvez and Dr. Daniel Owens were unaware Radwan had not been forthcoming about his pre-existing condition at L5-S1.

As noted above, the commissioner determines the weight to be given to expert testimony. *Dunlavey*, 526 N.W.2d at 853. It is within the "peculiar province" of the commissioner to accept or reject an expert opinion. *Cedar Rapids Cmty. Sch. Dist.*, 807 N.W.2d at 845. Since medical causation presents a question of fact that is vested in the discretion of the commissioner, we will disturb the commissioner's findings only if they are not supported by substantial evidence. *Id.*

Dr. Purvez, a pain specialist, referred Radwan to Dr. Owens, a psychologist, who diagnosed a pain disorder with both psychological factors and a general medical condition in conjunction with major depression, recurrent, moderate-to-severe. After an independent medical examination (IME), Dr. Charles Wadle, a psychiatrist, found, "There is no mental injury related to the alleged work injury." Dr. Timothy Tse opined Radwan suffered from a major depressive and pain disorder, and the industrial injury and chronic pain substantially contributed to the development of his major depressive disorder. We conclude there is substantial evidence in the record to support the commissioner's decision finding Radwan's mental condition was causally related to his work injury based upon the opinions of Dr. Purvez, Dr. Owens, and Dr. Tse.

**D.** The employer claims there is not substantial evidence in the record to support the commissioner's finding Radwan has a forty percent industrial

disability. The employer points out Radwan's lack of credibility. It states he had no motivation to return to work as a truck driver, and was more likely to return to college and find employment in a different field. The employer claims Radwan exaggerated his physical condition and the physical evidence does not support his testimony. The employer claims the industrial disability award is illogical, irrational, and wholly unjustifiable.

The issue of industrial disability is a mixed question of law and fact. *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012). We review the commissioner's findings of fact for substantial evidence. *Id.* "Because the challenge to the agency's industrial disability determination challenges the agency's application of law to fact, we will not disrupt the agency's decision unless it is 'irrational, illogical, or wholly unjustifiable.'" *Id.* at 526.

"Industrial disability goes beyond body impairment and measures the extent to which the injury impairs the employee's earning capacity." *Second Injury Fund v. Shank*, 516 N.W.2d 808, 813 (Iowa 1994). The commissioner considers all of the factors bearing on a claimant's actual employability, including the employee's age, intelligence, education, qualifications, experience, and the effect of the injury on the claimant's ability to obtain suitable work. *Id.* at 815. It involves more than the question of what a claimant can or cannot do. *Id.*

The commissioner found Radwan was thirty-eight years old, was intelligent, spoke two languages, was well educated, and was "capable of returning to school or engaging in some other retraining opportunities." The commissioner also found Radwan was not as disabled as he presented himself

to be, but he was not going to be able to return to work as a long-haul truck driver. We conclude there is substantial evidence in the record to support the commissioner's factual findings on this issue and the commissioner's application of the facts to the law is not irrational, illogical, or wholly unjustifiable.

We affirm the ruling of the district court, which affirmed the decision of the workers' compensation commissioner.

**AFFIRMED.**