# IN THE COURT OF APPEALS OF IOWA

No. 15-0960
Filed April 6, 2016

**JACK COOPER TRANSPORT CO., INC.,**
 **and CALIFORNIA INSURANCE CO.,**
        Petitioners-Appellants,

**vs.**

**BRUCE JONES,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        Petitioners appeal the district court ruling affirming the workers'

compensation commissioner's decision respondent was permanently and totally

disabled. **AFFIRMED.**


        Kent M. Smith of Scheldrup Blades, Cedar Rapids, for appellant.

        Jean Mauss of Schott Mauss & Associates, P.L.L.C., Des Moines, for

appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Petitioners Jack Cooper Transport Company, Inc. and California Insurance Company[1] appeal the district court ruling affirming the workers' compensation commissioner's decision respondent Bruce Jones was permanently and totally disabled. We find there is substantial evidence in the record to support the commissioner's finding Jones sustained permanent impairment due to an injury on December 6, 2009. We also find the commissioner's finding Jones was permanently and totally disabled is not irrational, illogical, or wholly unjustifiable. We affirm the ruling of the district court.

**I.    Background Facts & Proceedings**

Jones, who was fifty-eight years old at the time of the administrative hearing, had been employed as a truck driver since 1976. Jones injured his back on June 19, 2006. An MRI showed a disc herniation compression at the L5 level, and Jones had back surgery on August 25, 2006. He continued to have back pain, but was able to return to work without limitations. Jones also sustained a back injury on April 23, 2009. An MRI at that time revealed a lumbar disc herniation at the left L3-4 level. He had surgery for this injury on June 15, 2009. Again, Jones was able to return to work without limitations.

This case involves an injury which occurred on December 6, 2009. Jones was lifting a skid and felt severe pain in his back. Dr. John Larson examined Jones on December 23, 2009, and determined the pain appeared to be at the L4-5 level. Dr. Alexander Bailey examined an MRI and found evidence of degenerative disc disease at L4-5 and L5-S1, stating "disc bulging is present, but

---

[1] We will refer to these two companies together as the employer.

no gross evidence of recurrent disc herniation, spinal stenosis, foraminal stenosis or other." Dr. Yuri Tsirulnikov stated the MRI may provide an explanation for Jones's pain. Dr. John Ciccarelli found Jones had burning sensations across his low back and right buttocks area, which were not present when he returned to work in October 2009. Dr. David Boarini stated he did not believe Jones had any significant structural abnormality or permanent problem caused by the December 6, 2009 injury.

Jones had an independent medical examination with Dr. Brent Koprivica, who determined Jones should be restricted from any squatting, crawling, kneeling, or climbing. Dr. Koprivica stated Jones could occasionally lift or carry from twenty up to thirty-five pounds. He stated Jones should avoid frequent bending, pushing, pulling, or twisting. In addition, Dr. Koprivica restricted Jones from "whole body vibration or jarring activities such as operating heavy equipment or commercial driving." Dr. Koprivica gave the opinion the December 6, 2009 injury was the direct and prevailing factor in causing further permanent aggravating injury to Jones's back.

Jones had left hip replacement surgery on February 24, 2010, which was not due to his work-related injury. Jones requested Social Security disability benefits, and he was determined to be disabled. He had right knee replacement surgery on June 15, 2010. Jones resigned from his employment on September 15, 2010, stating he was in too much pain to continue working.

Jones filed a claim for workers' compensation benefits on December 5, 2011. After a hearing, a deputy workers' compensation commissioner determined Dr. Koprivica's opinion should be given more weight than Dr. Boarini

or Dr. Ciccarelli. The deputy found Jones suffered permanent disability caused by the December 6, 2009 work injury, noting Jones now had work restrictions, which he did not have previously. The deputy found Jones was permanently and totally disabled. The workers' compensation commissioner affirmed and adopted the deputy's decision finding Jones was permanently and totally disabled.

The employer filed a petition for judicial review. The district court found there was substantial evidence in the record to support the commissioner's finding Jones suffered a permanent impairment following the December 6, 2009 injury. The court also found the commissioner's conclusion Jones suffered an industrial disability and was permanently and totally disabled was not irrational, illogical, or wholly unjustifiable. The employer appeals the decision of the district court.

## II. Standard of Review

Our review in this administrative action is governed by Iowa Code chapter 17A (2011). We apply the standards of section 17A.19(10) to the commissioner's decision and decide whether the district court correctly applied the law in its judicial review. *Des Moines Area Reg'l Transit Auth. v. Young*, 867 N.W.2d 839, 842 (Iowa 2015). "If we reach the same conclusions as the district court, 'we affirm; otherwise, we reverse.'" *Id.* (citation omitted).

We will reverse the commissioner's factual findings only if they are not supported by substantial evidence when the record is viewed as a whole. *Coffey v. Mid Seven Transp. Co.*, 831 N.W.2d 81, 89 (Iowa 2013). "Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion." *2800 Corp. v. Fernandez*, 528 N.W.2d 124, 126 (Iowa 1995).

"Substantial evidence is more than a scintilla, but does not rise to the level of a preponderance of the evidence." *Etchen v. Holiday Rambler Corp.*, 574 N.W.2d 355, 359 (Iowa Ct. App. 1997).

**III.    Merits**

**A.**    The employer claims there is not substantial evidence in the record to support the commissioner's finding Jones sustained a permanent injury on December 6, 2009.  It states the medical and factual evidence does not support a finding Jones sustained any permanent impairment or new pain related to the December 6, 2009 work injury.  The employer claims the opinion of Dr. Koprivica should be discounted because he did not have all of Jones's previous medical records.  It also asserts the opinions of all of the other physicians in the record support a finding Jones did not suffer a permanent injury.

Jones testified he was able to return to work without restrictions following his previous injuries.  He stated before the injury he would be "a little bit stiff and sore" by the end of the day.  He testified on December 6, 2009, he was lifting a skid and felt pain in his back.  Jones testified, "Something changed in my back during that injury.  There was a lot more pain.  It was more intense.  I don't know if it was more localized or not, but I know it was just more of a sharper pain."  He stated, "that pain has continued, even to this day."

Dr. Koprivica gave the opinion the December 6, 2009 injury was the direct and prevailing factor in causing further permanent aggravating injury to Jones's back.  The issue of medical causation is essentially within the domain of expert testimony.  *Dunlavey v. Econ. Fire & Cas. Co.*, 526 N.W.2d 845, 853 (Iowa 1995).  The commissioner, as the finder of fact, determines the weight to be

given expert testimony. *Id.* Also, Dr. Ciccarelli assigned an additional permanent impairment rating of two percent to Jones based on the December 6, 2009 injury.

While there is contrary evidence in the record, "[w]e do not consider the evidence insubstantial merely because we may draw different conclusions from the record." *Coffey*, 831 N.W.2d at 89. "On appeal, 'our task is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014) (alteration in original) (citation omitted). We determine there is substantial evidence in the record to support the commissioner's finding Jones sustained a permanent injury on December 6, 2009.

**B.** The employer claims the commissioner's finding Jones was permanently and totally disabled was irrational, illogical, or wholly unjustifiable. It states three physicians gave the opinion Jones sustained a minor back strain on December 6, 2009, and did not require any permanent work restrictions. The employer claims Jones voluntary retired after December 6, 2009, due to his other unrelated medical issues.

The issue of industrial disability is a mixed question of law and fact. *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012). We review the commissioner's findings of fact for substantial evidence. *Id.* "Because the challenge to the agency's industrial disability determination challenges the agency's application of law to fact, we will not disrupt the agency's decision unless it is 'irrational, illogical, or wholly unjustifiable.'" *Id.* at 526 (citation omitted).

"Industrial disability goes beyond body impairment and measures the extent to which the injury impairs the employee's earning capacity." *Second Injury Fund v. Shank*, 516 N.W.2d 808, 813 (Iowa 1994). The commissioner considers all of the factors bearing on a claimant's actual employability, including the employee's "age, intelligence, education, qualifications, experience, and the effect of the injury on the claimant's ability to obtain suitable work." *Id.* at 815 (citation omitted).

The deputy found:

> The record reflects that the claimant has significant permanent restrictions that preclude him from performing the only work that he has known. The claimant has no work experience that would be relevant to his education, which is now stale. There is no reason to believe, based on this record, that the claimant is going to return to the workforce. The reason that he is not able to return is a direct result of his work injury. The claimant is permanently and totally disabled.

The deputy stated, "Total disability does not mean a state of absolute helplessness. Permanent total disability occurs where the injury wholly disables the employee from performing work that the employee's experience, training, education, intelligence, and physical capacities would otherwise permit the employee to perform." The commissioner affirmed the finding Jones was permanently and totally disabled.

The commissioner properly considered the facts and the law in finding Jones was permanently and totally disabled. The evidence supports the finding Jones was not able to return to work due to the injury he received on December 6, 2009. All of Jones's previous work experience was as a truck driver. Dr. Koprivica restricted Jones from "whole body vibration or jarring

activities such as operating heavy equipment or commercial driving," meaning he could no longer drive a truck. We conclude the commissioner's decision on this issue is not irrational, illogical, or wholly unjustifiable.

We affirm the district court decision, which affirmed the ruling of the workers' compensation commissioner.

**AFFIRMED.**