# IN THE COURT OF APPEALS OF IOWA

No. 18-1712
Filed August 7, 2019

**HEDAYAT KHALDAR SAGHIR,**
    Plaintiff-Appellant,

**vs.**

**MENARDS,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, David May, Judge.

An employee appeals the district court's decision upholding the worker's compensation commissioner's finding of no permanent disability. **AFFIRMED.**

Randall P. Schueller of Loney & Schueller, LLC, West Des Moines, for appellant.

Cynthia S. Sueppel and Lindsey E. Mills of Smith Mills Schrock Blades Montei, P.C., Cedar Rapids, for appellee.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*  May, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

Hedayat Khaldar Saghir appeals the district court ruling on judicial review, upholding the Iowa Workers' Compensation Commissioner's decision. Khaldar Saghir claims the district court erred in finding he did not establish permanent impairment and requests a determination of industrial disability. We affirm the decision of the district court and the commissioner.

## I.      Background Facts & Proceedings

Khaldar Saghir moved to the United States in 2006. He earned a college degree in civil engineering in 1996; however, since moving here he has worked as a forklift driver, house cleaner, pizza deliverer, handyman, and in the lumberyard at Menards. He has sustained a number of injuries over the years.

In 2007, Khaldar Saghir sustained a back injury from a lifting injury due to his employment. In 2008, he was involved in a work-related forklift collision, which he claimed resulted in head and neck injuries. He had a CT scan of his head and spine, which came back normal.

In 2010, Khaldar Saghir was involved in a car accident while delivering pizza in the course of his employment. He initially complained of head, neck, and back injuries. He had CT scans and x-rays, which came back normal. He returned to the hospital multiple times in the following months complaining of head pain, blurred and double vision, hearing issues, and persistent memory problems. He was diagnosed with post-concussive syndrome. He received medical treatment relating to the accident through November 2013. Neuropsychological testing in 2010, 2011, and 2013 noted Khaldar Saghir claimed symptoms atypical of concussive brain damage. The records reveal the evaluators did not consider

Khaldar Saghir to be putting forth sufficient effort for an accurate diagnosis and specifically noted motivational factors affecting the tests. CT and MRI scans performed for a variety of complaints all showed normal function.

Khaldar Saghir began working in the lumberyard at Menards in 2013. On January 1, 2015, Khaldar Saghir incurred a work-related injury when a piece of lumber fell on his head during the course of his employment. Khaldar Saghir received medical treatment and temporary disability workers' compensation benefits. CT and MRI scans of his head, neck, and back had normal results, aside from a slight bulging disk in his neck not related to his claimed symptoms. By mid-February, his treating neurologist recommended he return to at least light duty and opined most of his symptoms related more to depression than any physical result of the injury. In April and May, Khaldar Saghir participated in occupational therapy for his vision and sensory symptoms.

On February 11, 2015, Khaldar Saghir filed a workers' compensation petition. He moved to Florida in May or June. In June, Khaldar Saghir underwent a neuropsychological evaluation. His test results and complaints were found to be inconsistent with the injury sustained, and behavioral observations conflicted with test performance. On August 3, the neurologist determined Khaldar Saghir was at maximum medical improvement and in need of no further treatment. The neurologist opined no permanent neurological impairment was sustained and imposed no permanent work restrictions.

At the arbitration hearing on March 30, 2016, Khaldar Saghir and Menards stipulated the injury was work related and caused temporary disability during a recovery period. The parties disputed the permanent nature of any disability,

Khaldar Saghir's entitlement to permanent disability benefits, and whether Khaldar Saghir sustained an industrial disability.

Khaldar Saghir testified he injured his head, neck, and back and developed vision problems from the 2015 lumberyard injury. He indicated he needed help with almost all activities on a daily basis and was totally dependent on care from his family. He specified he still suffered from memory problems, balance issues, inability to sleep, significant pain, sporadic vomiting, vision problems, and headaches. Khaldar Saghir testified he had not worked or looked for work since the 2015 injury. He did not try to return to work at Menards or contact them about work after the injury.

Khaldar Saghir offered as proof of his impairment two medical reports from October 2015 (by Dr. Robert Mandelkorn, an eye physician and surgeon) and January 2016 (Dr. Sunil Bansal). The October report concerned his vision. Khaldar Saghir told Dr. Mandelkorn he had a suffered a traumatic brain injury, and the doctor found significant loss of function in his eyes and prescribed glasses. The second report was an independent medical examination (IME) performed by Dr. Bansal. The IME report does not list the records relating to the 2010 head and neck injury and treatment as among the medical records reviewed. The IME report assigned impairment ratings for the head injury and vision, gait, and neck problems. The IME report recommended restrictions requiring sedentary work.

A deputy commissioner concluded Khaldar Saghir did not establish "any permanent injury or loss of earnings capacity" from the 2015 injury. In particular, the deputy found Khaldar Saghir "was not a credible witness" and noted, "Although it is possible that the claimant's demeanor was the result of brain injury it was very

consistent with a deliberate effort to exaggerate and conceal." The deputy also found the exclusion of the 2010 injury from the IME to be "a critical omission." On intra-agency appeal, the commissioner affirmed. Khaldar Saghir sought judicial review, and the district court upheld the commissioner's ruling. Khaldar Saghir appeals.

## II. Analysis

We review a district court decision in a workers' compensation case to determine if we would reach the same conclusion. *Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015). We only reverse the commissioner's factual findings if they are not supported by substantial evidence. *Coffey v. Mid Seven Transp. Co.*, 831 N.W.2d 81, 89 (Iowa 2013). "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue . . . ." Iowa Code § 17A.19(10)(f)(1) (2018). "[W]e give due regard to the commissioner's discretion to accept or reject testimony based on his assessment of witness credibility." *Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 558 (Iowa 2010).

The first issue is whether substantial evidence supports the commissioner's finding Khaldar Saghir failed to prove a permanent disability attributable to the Menards injury. Khaldar Saghir claims neck, back, and head injuries, impaired vision, and memory loss from the 2015 injury. He claimed similar problems following his 2010 injury. While his IME doctor, Dr. Bansal, found permanent impairment attributable to the 2015 injury, Khaldar Saghir failed to provide a full medical record history or accurately report the concussive brain injury he experienced following the 2010 car accident. As noted by the commissioner:

Neither Dr. Mandelkorn's opinions nor Dr. Bansal's opinions considered [Khaldar Saghir's] alleged work injury in light of [his] previous injuries. Without this information, neither physician could possibly render a reliable opinion on the causation of any of claimant's symptoms allegedly related to the work injury because it was impossible for Drs. Mandelkorn or Bansal to assess whether the alleged injuries were attributable to pre-existing conditions or whether those alleged injuries were aggravated by claimant's work injury on January 1, 2015.

*See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011) ("[T]he determination of whether to accept or reject an expert opinion is within the 'peculiar province' of the commissioner." (citation omitted)).

Additionally, the deputy commissioner expressly found Khaldar Saghir was not a credible witness, which finding was specifically adopted by the commissioner. The commissioner found the lack of credibility was supported by the record, noting "[Khaldar Saghir's] deliberate exaggeration and concealment at [the] hearing is consistent with his malingering during [ ] medical examinations both in 2010 and 2015." Consequently, we find substantial evidence supports the commissioner's finding Khaldar Saghir failed to prove a permanent impairment attributable to the 2015 Menards injury.

Khaldar Saghir's second issue is whether we should remand to the commissioner for determination of industrial disability or determine it on our own. "Industrial disability" refers to the reduction in a claimant's earning capacity. *Westling v. Hormel Foods Corp.*, 810 N.W.2d 247, 253 (Iowa 2012). "The claimant must prove the work-related injury caused an industrial disability." *Id.* Here, substantial evidence supported the commissioner's finding of no permanent impairment attributable to the 2015 injury. We affirm the district court and the commissioner on this issue.

We affirm the ruling of the district court on judicial review, upholding the commissioner.

**AFFIRMED.**